### SAWREY, et v GRANT

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 8684. Decided Dec. 3, 1928.

E. A. Binyon, Cleveland, for Sawrey.
White, Cannon & Spieth, Cleveland, for Grant.

### VICKERY J

Whether this is sound reasoning or not, which the writer of this opinion doubts, that was not the case that was made on the pleadings. Two or more persons may harbor a dog; and I apprehend the statute was framed in the way that it was, so that one who harbored the dog, even though he was not the owner might be responsible whether the owner was or not.

Now the record in this case shows that both of the plaintiffs in error lived together and the dog was, you might say, an inmate of the household. He was fed and taken care of and harbored as much by the wife as he was by the husband. It is admitted in open court that there is a plain attempt to cast liability upon the husband, to let the wife who is financially responsible escape, the husband's interest in the property having been transferred to the wife after this injury occurred but before the suit was brought, and he is seeking to have the liability, if any, placed upon his shoulders and inasmuch as he has no property, both will escape responsibility entirely. While that is not very material in this case, it still bears upon the question as to whether or not the wife did harbor this dog.

There is no question, under the statute under which this suit was brought, but that whoever owns or harbors a dog is liable to any human being who is injured by the dog. This statute was passed so as to obviate the law that was laid down in the case of **Hayes vs. Smith, 63 O S 161.** That case held that the owner or harborer of a dog had to have knowledge of the dog's propensities to savageness, for the cases laid down the rule prior to the statute that "a dog was entitled to one bite,"—and so to obviate the necessity and difficulty of prooving the viciousness of the dog and bringing knowledge of such viciousness home to the owner or harborer, this statute was passed so as to make the owner or harborer, liable in all events and all that had to be done to fix liability was to prove the injury and the ownership or the harboring of the dog and the Smith case lays down the doctrine that two or more persons may harbor a dog and the recovery may be joint or several, and the case although cited to establish the opposite doctrine, is an authority in point sustaining the judgment in this case.

Now here was a little boy five or six years old who was severely bitten by the dog that was owned by one or the other of these two persons and was on the premises and an inmate of the home which was occupied by them both and they both harbored this dog and I do not think the doctrine is sound, that if you get a judgment against the owner, you cannot get a judgment against the harborer of the dog. If necessary the word "or" will be read "and", and there is good authority of this reading, but as already stated, this suit was planted upon the theory that both of these parties **harbored** this dog and the proof surely establishes that. The judgment was so small, under the circumstances one wonders why one or the other of them did not pay it and then it would not be very material who owned the dog or who harbored it. It stands out clearly in the rec-

ord that the boy was injured and the judgment was very small and the evidence is clear that both of these persons harbored the dog, and there being no error in the record, the judgment will be affirmed.

Sullivan, P J and Levin, J, concur.